## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **KENNETH MARTIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.  1:22-CV-00320-MJT** |
| | § | |
| **356TH JUDICIAL COURT JEFFERSON** | § | |
| **COUNTY,** | § | |
| | § | |
| **Defendant.** | § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), this *pro se* case was automatically referred to the United

States magistrate judge for management, including the issuance of findings and a recommended

disposition where appropriate.  On August 11, 2022, Petitioner Kenneth Martin filed a Notice of

Removal of Criminal Prosecution from 356th Jefferson County District Court to the United States

District Court.  (Doc. #1.)  For the reasons that follow, the motion for removal should be denied,

and this case should be *sua sponte* dismissed without prejudice.

### I.    BACKGROUND

Martin seeks to remove his felony criminal offense due to alleged federal civil rights

violations.  (*Id.*)  Martin avers that he was denied the right to an examining trial without due process

due to his race.  (*Id.*)  He lacks any legal basis for removal, as discussed further below.

## II.    ANALYSIS

The court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001).

Section 1455 of Title 28 provides the procedural requirements for removal of criminal prosecutions to federal court.  The defendant should file a signed notice of removal within 30 days after arraignment in state court (unless leave is granted) containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.  28 U.S.C.A. § 1455.  In this case, Martin failed to supply copies of the pleading and orders in his state case, and it is unclear if his notice is timely.  Nor does he provide a cause number for his state case.

In addition, when a criminal case is removed, the court must "examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).  Because section 1455 does not set out any substantive requirement for removal, the court turns to the other removal statutes to determine if a jurisdictional basis for removal is appropriate.  *See Louisiana v. Hunter*, Civ. A. No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014) (noting that the United States Court of Appeals for the Fifth Circuit has yet to construe section 1455 and that the statute is *purely procedural* and provides no substantive requirements for removal).

The court liberally construes Martin's filings with all possible deference due to his status as a *pro se* litigant.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e)

("Pleadings must be construed so as to do justice.").  However, even assuming a proper notice of removal under section 1455(a) and (b), within the requisite 30-day period, Martin cannot establish a legal right to remove his pending criminal case.

> **A.**      **Martin is not in the group of officials whose criminal cases may be removed.**

Three federal statutes give federal district courts jurisdiction over state criminal proceedings—28 U.S.C. § 1442, § 1442a, and § 1443.  *See* 28 U.S.C. § 1442 (providing for removal of criminal actions against federal law enforcement officers or officials for acts taken in their official duties); 28 U.S.C. § 1442a (providing for removal of prosecutions of members of the armed forces); 28 U.S.C. § 1443(2) (providing for removal of prosecutions of officials enforcing civil rights statutes).  Martin has not alleged or demonstrated that he is a federal officer, a member of the armed forces, or an official enforcing his civil rights.  Thus, these provisions do not apply to him.

> **B.**      **The provisions of § 1443(1) are also inapplicable.**

Section 1443(1) authorizes the removal of a pending state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).  Thus, to remove under that section, the defendant must show both that (1) the right allegedly denied him arises under a federal law providing for specific rights stated in terms of racial equality; and (2) that he cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780 (1966)).

Here, Martin's pleading complains that he was denied the right to an examining trial under chapter 16 of the Texas Code of Criminal Procedures due to his race, but does not point to any

3

facts supporting this contention.  (Doc. #1.)  The statute to which Martin refers states that an "accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense, whether he be in custody or on bail, at which time the magistrate at the hearing shall determine the amount or sufficiency of bail, if a bailable case." TEX. CODE CRIM. PRO. ART. 16.01.

Texas courts, however, have determined that the return of an indictment terminates the right to an examining trial.  *State of Texas v. Salinas*, 784 S.W.2d 421, 427 (Tex. Crim. App. 1990) (en banc) ("It has never been and is not now the law in this state that an adult accused is entitled to an examining trial before the case may be presented to a grand jury. Due process considerations are not implicated since the primary purpose for the examining trial, a determination of probable cause, is at least as timely accomplished by presenting evidence directly to the grand jury.").  It is unclear in this case if Martin's state case has proceeded with an indictment.  Nonetheless, this statute cannot provide the basis for his removal to federal court.

In *State of Texas v. Reimer*, the Fifth Circuit considered the issue raised by Martin and found that the right to an "examining trial" arises solely under Texas law, a law that makes no mention of racial equality.  *State of Texas v. Reimer*, 678 F.2d 1232, 1233–34 (5th Cir. 1982); *see also Richardson v. State of Texas*, 425 F.2d 1372, 1373 (5th Cir. 1970) (examining trial is creation of state law, denial of which presents no federal question).  As such, Martin cannot show that the state's actions violate a federal statute providing for racial equality, as the two-part test requires. *Reimer*, 678 F.2d at 1234.

Martin also complains generally of civil rights violations of the due process clause. However, conclusory allegations of civil rights violations are insufficient to remove a pending state criminal prosecution to federal court.  *See State of Texas v. Gulf Water Benefaction Co.*, 679

F.2d 85, 86-87 (5th Cir. 1982) (finding conclusory allegations of civil rights violations insufficient to support removal of on-going state criminal prosecution and affirming the district court's dismissal).  In any event, Martin does not establish that he cannot enforce the specified federal rights in state court, as is also his burden.  Therefore, he is not entitled to removal under § 1443(1).

### III.    RECOMMENDATION

Martin failed to comply with the procedural requirements of 28 U.S.C. § 1455 and has failed to establish a jurisdictional basis for the removal of his state criminal prosecution to federal court.  Therefore, for the foregoing reasons, Martin's motion to remove should be DENIED and his case should be *sua sponte* DISMISSED WITHOUT PREJUDICE.

### IV.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be no longer than eight (8) pages, and (4) be served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); E.D. TEX. LOCAL R. CV-72(c).  A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1) (2009); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings

of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 16th day of August, 2022.**


_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE